1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10
GARY L. COOKSEY, et al.,                    No.  2:14-CV-01237-KJM-KJN
11
                    Plaintiffs,
12
        v.                                  ORDER
13
SELECT PORTFOLIO SERVICES, INC.,
14  et al.,

15                  Defendants.

16

17          Plaintiffs Gary L. Cooksey and Carol R. Cooksey move for a temporary

18  restraining order against defendants Select Portfolio Servicing, Inc. ("SPS"), Bank of America,

19  N.A. and Does 1 to 20.  *Ex Parte* Appl. for TRO ("Appl.") at 2,  ECF No. 3.  For the reasons

20  below, the court GRANTS the motion.

21  I.      BACKGROUND

22          Plaintiffs filed the instant motion on May 20, 2014, *id.* at 2, accompanied by the

23  requisite documentary support, ECF Nos. 1, 3-1–3-4.  They seek to enjoin defendants from

24  "transferring ownership of, further encumbering, or taking possession of the [real] property

25  located at 10434 Jalapa Way, La Grange, California 95329."  Appl. at 2.  A trustee sale of the

26  real property is scheduled for May 22, 2014.  *Id.* at 3.

27          Plaintiffs first refinanced their home with Bank of America in March 2006.

28  Compl. ¶ 13, ECF No. 1.  They made all scheduled payments until 2012, when the monthly

1

amount was adjusted.  *Id.* ¶ 14.  Throughout 2012, plaintiffs submitted several loan-modification applications, but Bank of America repeatedly represented that the applications were deficient in various respects.  *Id.* ¶¶ 15–33.  Eventually, before responding to an admittedly complete application, Bank of America transferred service of the loan to SPS in October 2012.  *Id.* ¶¶ 32–34.  Upon transfer, SPS required plaintiffs to submit yet another application, which SPS also deemed deficient.  *Id.* ¶¶ 35–39.  Finally, in March 2013, plaintiffs submitted their fifth application, which was allegedly approved for a trial period plan under the Home Affordable Modification Program Tier 1 program.  *Id.* ¶ 40–41.  However, SPS never sent plaintiffs the necessary documents and remained unresponsive to requests.  *Id.* ¶¶ 41–43.

On April 29, 2014, plaintiffs were notified that a trustee sale of the property was scheduled for May 22, 2014.  *Id.* ¶ 44.  In response, plaintiffs again contacted SPS, who suggested plaintiffs submit a new loan-modification application.  *Id.* ¶ 45.  After finalizing their 2013 taxes and receiving an updated profit-and-loss statement, plaintiffs submitted the new application on May 15, 2014.  *Id.* ¶ 46.  On May 19, 2014, SPS confirmed receipt of the complete application but did not delay the scheduled sale.  *Id.* ¶¶ 47–48.  Plaintiffs filed the instant motion the next day.  Appl. at 2.

II.    STANDARD

"The court may issue a temporary restraining order without . . . notice to the adverse party . . . only if . . . specific facts . . . show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ."  FED. R. CIV. P. 65(b)(1)(A).  This "extraordinary remedy," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted), requires that the moving party establish that he or she is "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his [or her] favor, and . . . an injunction is in the public interest," *id.* at 20 (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  The "underlying purpose" of such an order is "preserving the status quo and preventing irreparable harm just so long as is necessary

to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S.
423, 439 (1974).

      "Under the 'sliding scale' approach . . . the elements . . . are balanced, so that a
stronger showing of one element may offset a weaker showing of another." *Pimentel v.
Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted).
However, "'at an irreducible minimum,' . . . 'the moving party must demonstrate a fair chance
of success on the merits, or questions serious enough to require litigation.'" *Id.* (quoting
*Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009)); *see also Alliance for the Wild Rockies
v. Cottrell*, 632 F.3d 1127, 1132–33 (9th Cir. 2011) ("[T]he 'serious questions' approach
survives *Winter* . . . . '[S]erious questions going to the merits' and a hardship balance that tips
sharply toward the plaintiff can support issuance of an injunction, assuming the other two
elements . . . are also met."). The moving party "must [also] establish that irreparable harm is
*likely*, not just possible . . . ." *Alliance for the Wild Rockies*, 632 F.3d at 1131 (emphasis in
original) (citing *Winter*, 557 U.S. at 22).

III.   <u>ANALYSIS</u>

     A.  <u>Likelihood of Success on the Merits</u>

      Plaintiffs have established the existence of "questions serious enough to require
litigation." *Pimentel*, 670 F.3d at 1111 (citation and internal quotation marks omitted). Under
the California Homeowner Bill of Rights, "[i]f a borrower submits a complete application for a
first lien loan modification . . . , a mortgage servicer, mortgagee, trustee, beneficiary, or
authorized agent shall not . . . conduct a trustee's sale, while the . . . application is pending."
Cal. Civ. Code § 2923.6(c). Here, plaintiffs have submitted at least one complete application
that remains pending. However, SPS seeks to proceed with the trustee sale despite having
failed to review and decide the application. If the alleged facts are true, this contravenes
California law. Cal. Civ. Code § 2923.6(c).

      The court notes that the "mortgage servicer shall not be obligated to evaluate
applications from borrowers who have already been evaluated or afford a fair opportunity to be
evaluated for a first lien loan modification prior to January 1, 2013," *id.* § 2923.6(g), and that

plaintiffs previously submitted a number of applications to both Bank of America and SPS. Nonetheless, as pleaded in the complaint, the facts show that it is unlikely that either defendant previously evaluated, or afforded a fair opportunity to evaluate, those applications. As such, the court finds that plaintiffs raise "questions serious enough to require litigation," *Pimentel*, 670 F.3d at 1111 (citation and internal quotation marks omitted), which in light of the other elements, discussed below, is sufficient to support a temporary restraining order. *Alliance for the Wild Rockies*, 632 F.3d at 1132–33.

### B. Likelihood of Irreparable Harm

Plaintiffs have also established the likelihood of irreparable harm. If the sale is permitted to proceed, they will permanently lose ownership of the property, their principal residence. This constitutes irreparable harm. *Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-00899 AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) (citing *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1159 (9th Cir. 2011)) ("With respect to irreparable injury, a plaintiff s loss of her residence is usually sufficient to satisfy this element."); *Wrobel v. S.L. Pope & Assocs.*, No. 07CV1591 IEG (BLM), 2007 WL 2345036, at *1 (S.D. Cal. Aug. 15, 2007) ("Losing one's home through foreclosure is an irreparable injury." (citation omitted)).

### C. Balance of Equities & the Public Interest

Finally, plaintiffs have established both that the equities tip in their favor and that an injunction is in the public interest. Granting the temporary restraining order would serve only to delay the sale of the property—thereby maintaining the status quo—in order to permit a hearing on a motion for a preliminary injunction. However, if the motion were not granted, plaintiffs would irrevocably lose their home. Accordingly, the balance of equities strongly favors plaintiff. The public interest also favors granting the temporary restraining order. By permitting the court the time necessary to review whether an injunction should issue, granting the temporary restraining order ensures judicial oversight of the procedural guarantees governing non-judicial foreclosures. Both elements are thus satisfied.

/////

4

IV.     <u>CONCLUSION</u>

As set forth above, the court GRANTS the motion.  Defendants and agents thereof are enjoined from taking any action to alter the status quo of the real property located at 10434 Jalapa Way, La Grange, California 95329 for fourteen days from the date of issuance of this order.  Plaintiffs are directed to serve a copy of this order on all defendants and effect proof of service.

Further, plaintiffs are ordered to file their motion for preliminary injunction by noon on May 27, 2014, and defendants are ordered to file their opposition by noon on May 30, 2014.  Each brief is not to exceed ten pages.  The matter is set for hearing on June 2, 2014 at 2 p.m.

IT IS SO ORDERED.

DATED:  May 21, 2014.

_____
UNITED STATES DISTRICT JUDGE