Eric Andrew Mercer, SBN 248707
LAW OFFICE OF ERIC ANDREW MERCER
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:   (916) 361-6022
Facsimile:   (916) 361-6023
Email:       mercerlegal@me.com

Attorneys for Plaintiffs GARY L. COOKSEY
and CAROL R. COOKSEY.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GARY L. COOKSEY, an individual and CAROL R. COOKSEY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., BANK OF AMERICA, N.A.; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. 2:14-cv-01237-KJM-KJN<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Violations of the Equal Credit Opportunity Act, 15 U.S.C. §1691(d)<br><br>2. Violations of the Homeowners Bill of Rights, California Civil Code § 2924.12<br><br>3. Unfair Business Practices, California Business and Professions Code § 17200<br><br>Complaint Filed: May 20, 2014<br>Trial Date: Not Yet Assigned<br><br>DEMAND FOR JURY TRIAL |

## I. JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 based on Plaintiffs' claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d).

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. VENUE

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California. The Sacramento Division is the proper division in that the real property that is the subject of this action is located in San Joaquin County, California.

## III. PARTIES

4. Plaintiff Gary Cooksey is an individual and at all relevant times herein was a resident of San Joaquin County. He is domiciled in and is a citizen of California.

5. Plaintiff Carol Cooksey is an individual and at all relevant times herein was a resident of San Joaquin County. She is domiciled in and is a citizen of California.

6. Defendant Select Portfolio Servicing, Inc. ("SPS"), Plaintiffs' current mortgage servicer, is a mortgage servicer with headquarters at 3815 S. West Temple, Salt Lake City, Utah, 84115.

7. Defendant Bank of America, N.A. ("Bank of America"), Plaintiffs' former mortgage servicer, is a mortgage lender and servicer with headquarters at 101 Tryon Street, Charlotte, North Carolina. It is a wholly owned subsidiary of Bank of America Corporation, and successor by merger to BAC Home Loans Servicing LP. Bank of America, N.A. is a citizen of North Carolina because its articles of association establish that location as its main office.

8. Plaintiff is ignorant of the names and capacity of Defendants herein sued as DOES 1-20 inclusive, and therefore sues these Defendants by such fictitious names. When the true names and capacities of these Defendants become known, Plaintiff will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them. Plaintiff is informed and believes, and so allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in

the Complaint, and that Plaintiff's damages were proximately caused by their conduct.

9. Plaintiff is informed and believes, and on that basis allege, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

10. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## IV. STATEMENT OF FACTS

12. Plaintiffs own and live at their home at 10434 Jalapa Way, La Grange, CA 95329.

13. The Cookseys refinanced their home in March 2006.

14. From 2006 to 2012 Plaintiffs made all the payments. The payments started at $1600 then adjusted to $1800 the following year, adjusted to $2100 following year, $2900 following year, then, finally, to $5400.

15. In February 2012, the payment adjusted to $5400 beyond Plaintiffs ability to pay. Plaintiffs then contacted Bank of America to modify the $5400 payment. A Bank of America representative said that Plaintiffs appeared to be good candidates and that an application would be sent.

16. On or about February 27, 2012, Plaintiffs submitted their first Home Affordable Modification Program ("HAMP") Application. Plaintiffs received no written response to this application.

17. On or about March 7, 2012, Plaintiffs received a letter identifying Bank of America representative Jesse Jaquez as their single point of contact.

18. On or about March 7, 2012 Plaintiffs called Bank of America representative Jesse Jaquez who stated that since Plaintiffs were current they would not qualify even though they were, in fact, already thirty days late. He told them Bank of America could not consider Plaintiffs for a modification until they were three or four months late. Jesse Jaquez expressly told Plaintiffs not to make their mortgage payments so that they would then qualify for a modification.

19. Between March and June, 2012 Plaintiffs talked to Jesse approximately four times. Each time, Jesee told them to wait until they were three to four months late to apply for a modification.

20. From April to October 2012 Bank of America conducted monthly inspections of the property, charging Plaintiffs each time.

21. On or about June 15, 2012 Plaintiffs received a HAMP Solicitation from Bank of America.

22. On or about July 5, 2012 Plaintiffs returned the HAMP Application to Bank of America. Plaintiffs received no written response within thirty days to this application.

23. Several days later Plaintiffs contacted Jesse to confirm the application was complete. Jesse confirmed the application was complete except for a current profit and loss statement.

24. On or about July 31, 2012 Plaintiffs sent the profit and loss statement to Bank of America.

25. On or about August 1, 2012 Plaintiffs sent a fax request for confirmation of complete application. They received no response.

26. On or about August 1, 2012 Plaintiffs called Jesse to confirm fax and that application was complete. He stated that he received the application but had not received the profit and loss because it takes two to three days before he gets a copy of the fax. However, he stated that the application was otherwise complete and advised that Plaintiffs would receive a response within thirty days after the profit and loss statement was received.

27. On or about August 22, 2012 Plaintiffs received a missing documents letter. Plaintiffs contacted Jesse to ask what documents were missing.  Jesse states that there are missing pages from the July 5, 2012 application.  This is false, the requested pages were included in the original application.  Nonetheless, Plaintiffs sent, via fax, the purported missing information.

28. On or about August 29, 2012 Plaintiffs contacted Jesse to confirm receipt of purported missing documents.  He stated that time had expired to submit the documents and that Plaintiffs must submit a new application.

29. Plaintiffs did so on September 4, 2012 submitting their third complete HAMP Application.  Plaintiffs never received any response to this application.

30. On or about September 8, 2012 Plaintiffs contacted Jesse to confirm that all of the necessary financial documents had been received. Jesse confirmed the new application was complete.

31. On or about September 15, 2012 Plaintiffs contacted Jesse for status of their modification application.  Jesse claimed that a box on the application had not been checked. Plaintiffs promptly checked the appropriate box and faxed it back.

32. On or about September 18, 2012 Plaintiffs contacted Jesse who confirmed the application was complete.  He further stated that they would receive a response in thirty days. Plaintiffs never received the promised response.

33. In a letter dated September 26, 2012 Bank of America informed Plaintiffs that a transfer of servicing would occur on October 15, 2012 to SPS.  Immediately after receiving the transfer letter, Plaintiffs contacted Jesse, who stated that transfers during the loan modification process occurred frequently; that all paperwork would be promptly transferred to the new servicer who would provide the response.  Jesse emphasized multiple times that Plaintiffs would not need to submit a new modification application.

34. On or about October 10, 2012 Plaintiffs received a letter from SPS regarding the transfer of servicing to occur on October 16, 2012.

35. On October 23, 2012 Plaintiffs contacted SPS.  An SPS representative informed Plaintiffs not to send any information regarding their modification application because SPS would

receive that information from Bank of America.  SPS informed Plaintiffs that they would not need to submit another modification application.  However, SPS never responded to Plaintiffs' September 4, 2012 application.

36. Instead, on or about October 31, 2012 an SPS representative stated that Plaintiffs would need to resubmit a new modification application.

37. On or about November 13, 2012 Plaintiffs submitted their fourth modification application and first application to SPS.

38. In a letter date November 16, 2012 SPS promised a response to Plaintiffs' modification application in fifteen days.  Plaintiffs did not receive a response in fifteen days.

39. Instead, on December 14, 2012 Plaintiffs received a missing documents letter even though Plaintiffs already sent a complete application.

40. On or about March 11, 2013, sent their second SPS application (fifth application total).

41. On March 30, 2013 Plaintiffs contacted an SPS representative who stated that Plaintiffs had been approved for a "HAMP tier 1" modification.  She informed Plaintiffs that the new payments would be $2,247.50 and to expect the TPP documents soon.  However, SPS never sent Plaintiffs the TPP documents.

42. On or about July 18, 2013 Plaintiffs received a letter stating that their point of contact would be changed to Lisa Olsen.

43. From April 2013 to March 2014, Plaintiffs attempted to contact SPS in an effort to obtain the promised TPP documents.  Plaintiffs efforts were in vain.

44. On April 29, 2014, Plaintiffs received a Notice of Trustee Sale stating that a trustee sale would occur on May 22, 2014.

45. Plaintiffs immediately contacted SPS to determine if they could avoid the trustee sale.  SPS informed Plaintiffs that they would review a new modification application.

46. After finalizing their 2013 taxes and receiving an updated profit and loss statement for the first four months of 2014, Plaintiffs submitted a complete HAMP application to SPS on May 15, 2014.

47. On May 16, 2014 a SPS representative confirmed receipt of the application.

48. On May 19, 2014 a SPS representative confirmed that the modification application was complete. However, as of May 20, 2014 the trustee sale scheduled for May 22, 2014 is still scheduled to occur.

## VII. CLAIMS
### FIRST CAUSE OF ACTION
**Violations of the Equal Credit Opportunity Act**
**15 U.S.C. §1691(d)**
**(Against all Defendants)**

49. Plaintiff realleges each and every allegation above as if fully set forth in this Cause of Action.

50. Plaintiff is an applicant for credit as defined by ECOA, 15 U.S.C. § 1691a(b). Plaintiffs applied for HAMP modifications with Bank of America on three occasions and with SPS on an additional three occasions.

51. At all relevant times herein, Bank of America and SPS have been a "creditors" as defined by ECOA, 15 U.S.C. § 1691a(e).

52. 15 U.S.C. § 1691(d)(1) provides that "within thirty days...after receipt of a completed application for credit, a creditor shall notify an applicant of its actions on the application."

53. 12 C.F.R. § 202.9(c) provides that "[w]ithin 30 days after receiving an application that is incomplete regarding matters that an applicant can complete, the creditor shall notify the applicant either: (i) Of action taken, in accordance with paragraph (a) of this section; or (ii) Of the incompleteness, in accordance with paragraph (c)(2) of this section."

54. 12 C.F.R. § 202.2(f) provides that in reviewing an application for completeness, "the creditor shall exercise reasonable diligence in obtaining such information" necessary to decide whether to extend credit

55. Plaintiff's applications for HAMP modifications were "applications for credit" as defined by 15 U.S.C. § 1691a(d) and 12 C.F.R. § 202.2(j).

56. Plaintiff provided Bank of America and SPS with five completed applications for

1  credit.

2  57.  Bank of America and SPS failed to evaluate and make a determination on Plaintiff's five applications and failed to notify Plaintiff within 30 calendar days as required by HAMP directives and ECOA.

58.  Defendants' failures to notify Plaintiff of the action taken on his five applications for credit within 30 days from receipt of their completed applications constitute five separate substantive violations of ECOA.

59.  As a result of the above ECOA violations, Defendants are liable to Plaintiff for actual damages pursuant to 15 U.S.C. § 1691e(a); punitive damages of $10,000 pursuant to 15 U.S.C. § 1691e(b); and attorneys fees and costs pursuant to 15 U.S.C. § 1691e(d).

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE HOMEOWNERS BILL OF RIGHTS**
**California Civil Code Section 2924.12**
**(Against Select Portfolio Servicing)**

60.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

61.  Pursuant to the Homeowner's Bill of Rights, a servicer may not record a notice of default until it sends the borrower a notice containing certain disclosures that the borrower may request certain information from the including: (i) A copy of the borrower's promissory note or other evidence of indebtedness,  (ii) A copy of the borrower's deed of trust or mortgage, (iii) A copy of any assignment, if applicable, of the borrower's mortgage or deed of trust required to demonstrate the right of the mortgage servicer to foreclose, (iv) A copy of the borrower's payment history since the borrower was last less than 60 days past due.  Cal. Civ. Code § 2923.55 (a), (b)(1).

62.  The Homeowner's Bill of Rights further provides that if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. Cal. Civ. Code § 2923.6(c).

63.  Select Portfolio Servicing violated section 2923.55 by failing to provide notice to Plaintiff that he could request certain information from Defendant.

64.  Select Portfolio Servicing violated section 2923.6 by failing to remove a pending trustee sale while a first lien loan modification application is pending.

65.  Pursuant to California Civil Code section 2924.12 Plaintiff is entitled to injunctive relief for material violations of California Civil Code sections 2923.55 and 2923.6. Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. Cal. Civ. Code § 2924.17(a)(2). Further, Plaintiff is entitled to reasonable attorney's fees and costs in an action brought pursuant to this section. Cal. Civ. Code § 2924.17(i).

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**California Business and Professions Code section 17200**
**(Against all Defendants)**

66.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

67.  California Business and Professions Code section 17200 et seq. ("Section 17200"), also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair, … or deceptive business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

68.  Defendant's conduct was unlawful in that violates:

  (a)  ECOA as described herein, and

  (b)  HBOR as described herein.

69.  As a direct and proximate result of defendants' unlawful and unfair business practices, Plaintiff have been injured in fact and have lost money or property due to, without limitation, the threatened initiation of the foreclosure process despite having unpaid and deferred interest, fees, escrow advances and other costs added to the outstanding principal balance.

70.  As a direct and proximate result of Defendants' unlawful and unfair business

- 9 -
COMPLAINT

practices, defendants have been unjustly enriched and should be ordered to make restitution to Plaintiffs pursuant to Business and Professions Code sections 17203 and 17204.

71. The unlawful and unfair business practices of Defendants described herein present a continuing threat to Plaintiffs; and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiffs unless enjoined or restrained.

72. Plaintiffs seek restitution and injunctive relief pursuant to Business and Professions Code section 17203, including but not limited to: an Order requiring that Defendants finalize their review for modification.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, pray that the Court grant the following relief:

1. For judgment in favor of Plaintiff and against Defendants on all claims;

2. For preliminary and permanent injunctive relief prohibiting Defendants and their employees, agents, and persons acting with them or on their behalf, from transferring ownership of or further encumbering the Plaintiff's residence;

3. For an Order requiring that Defendants finalize their loan modification review;

4. For actual damages according to proof;

5. For statutory damages according to proof but not less than $10,000;

6. In the alternative to damages, for an order that Defendant be ordered to make restitution to Plaintiff pursuant to California Business and Professions Code § 17203;

7. For any award to Plaintiff of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses;

8. For all other relief at law or in equity that Plaintiff is entitled to by law that this Court deems just and proper.

Respectfully submitted,

Dated: October 9, 2014                    LAW OFFICE OF ERIC ANDREW MERCER

                              By:  /s/ *Eric Andrew Mercer*

                              ERIC ANDREW MERCER
                              Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, hereby requests a trial by jury as to each and every claim for which they are so entitled.

Dated: October 9, 2014                    LAW OFFICE OF ERIC ANDREW MERCER

                                          By:  /s/ *Eric Andrew Mercer*
                                          ERIC ANDREW MERCER
                                          Attorney for Plaintiff

COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on October 9, 2014.

Dated: October 9, 2014                LAW OFFICE OF ERIC ANDREW MERCER

By: */s/ Eric Andrew Mercer*
ERIC ANDREW MERCER
Attorney for Plaintiff